# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| United States of America, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 20- |
| | ) |
| Land and Buildings Located at 333 Summit Ridge Drive, Lawrenceville, GA, with all Appurtenances and Improvements Thereon, Owned by George Kuiper, | ) ) ) |
| | ) |
| Land and Buildings Located at 2775 Old Shackleford Road, Suite 1001, Lawrenceville, GA, with all Appurtenances and Improvements Thereon, Owned by Cosmic Sales and Marketing, and | ) ) ) ) |
| | ) |
| Land and Buildings Located at 1576 Creek Bend Lane, Lawrenceville, GA, with all Appurtenances and Improvements Thereon, Owned by George Kuiper, | ) ) ) |
| | ) |
| Defendants *in rem*. | ) |
| _____ | ) |

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

Plaintiff, United States of America, brings this Complaint according to Supplemental Rule G(2) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, and alleges:

## NATURE OF THE ACTION

This is an action to forfeit and condemn to the use and benefit of the United States of America the following properties: (1) Land and Buildings Located at 333 Summit Ridge Drive, Lawrenceville, GA, with all Appurtenances and Improvements Thereon, Owned by George Kuiper; (2) Land and Buildings Located at 2775 Old Shackleford Road, Suite 1001, Lawrenceville, GA, with all Appurtenances and Improvements Thereon, Owned by Cosmic Sales and Marketing, and (3) Land and Buildings Located at 1576 Creek Bend Lane,

Lawrenceville, GA, with all Appurtenances and Improvements Thereon, Owned by George Kuiper, for violations of 21 U.S.C. § 881(a)(6), (7).

## JURISDICTION AND VENUE

Plaintiff brings this action *in rem* in its own right to forfeit and condemn the defendant property under 21 U.S.C. § 881. This Court has jurisdiction over this action under 28 U.S.C. §§ 1345 and 1355(a).

Venue is proper in this district pursuant to 18 U.S.C. § 981(h), 21 U.S.C. 881(j) and 28 U.S.C. § 1355(b)(1).

## THE DEFENDANT *IN REM*

The defendants *in rem* are: (1) Land and Buildings Located at 333 Summit Ridge Drive, Lawrenceville, GA, with all Appurtenances and Improvements Thereon, Owned by George Kuiper; (2) Land and Buildings Located at 2775 Old Shackleford Road, Suite 1001, Lawrenceville, GA, with all Appurtenances and Improvements Thereon, Owned by Cosmic Sales and Marketing, and (3) Land and Buildings Located at 1576 Creek Bend Lane, Lawrenceville, GA, with all Appurtenances and Improvements Thereon, Owned by George Kuiper.

## FACTS

1. George Kuiper ("Kuiper") is the target of a long-term federal investigation into the unlawful importation and sale of controlled drugs through businesses owned and operated by him, including Cosmic Sales and Marketing, Inc. ("Cosmic Sales").

2. According to documents signed by Kuiper, the mailing address for Cosmic Sales is his residence, 333 Summit Ridge Drive, Lawrenceville, Georgia.

3. Cosmic Sales sells or fulfills orders for a range of products marketed as nootropics. The word "nootropic" was coined by a pharmacology industry chemist to describe substances

that improve cognitive function and meet certain other criteria, but is now loosely adopted for advertising purposes to describe drugs, supplements, herbs, or other substances of no proven value or safety record. Nootropics are known colloquially as "smart drugs." Cosmic Sales best-selling product is the drug modafinil, which accounts for more than half of Cosmic Sales' receipts.

4. Modafinil, a Schedule IV controlled substance, is used to treat narcolepsy and other sleep disorders, and cannot legally be sold or dispensed in the United States without a prescription.[1]

5. Prescription drugs may be dispensed only upon the prescription of a licensed practitioner. 21 U.S.C. § 353(b)(1). Dispensing a prescription drug without the prescription of a licensed practitioner causes a drug to be "misbranded." *Id.* Introducing a misbranded drug into interstate commerce or causing the introduction into interstate commerce of any misbranded drug is prohibited. 21 U.S.C. § 331(a). The FDCA imposes strict-liability misdemeanor punishment for violations of 21 U.S.C. §§ 331(a). 21 U.S.C. § 333(a)(1); *United States v. Park*, 421 U.S. 658 (1975). The FDCA imposes felony punishment for violations committed with the "intent to defraud or mislead." 21 U.S.C. § 333(a)(2).

6. Certain prescription drugs are also classified as "controlled substances" under the Controlled Substances Act (hereinafter "CSA") and are subject to regulation under that statue. "Schedule IV" controlled substances, as defined by statute, include drugs determined to have accepted medical use in treatment in the U.S. and the abuse of which could lead to a limited physical dependence relative to drugs and controlled substances in other schedules. 21 U.S.C. § 812(b)(4).

---

[1] In the United States, modafinil is often prescribed as Provigil, a trademark of Cephalon, Inc.

7. Schedule IV controlled substances cannot be distributed or generally handled in the course of being distributed other than by persons and entities registered with the United States Drug Enforcement Administration (hereinafter "DEA"). 21 U.S.C. § 822.

8. It is a crime for any person to fraudulently or knowingly import or bring into the United States any merchandise contrary to law. 18 U.S.C. § 545. Any importation of a drug in violation of the CSA or the FDCA constitutes an importation contrary to law.

9. It is a crime to manufacture, distribute, dispense or possess with intent to distribute controlled substances, or to conspire to do the same, unless authorized by the CSA and its regulations. 21 U.S.C. §§ 841(a) and 846.

10. Knowingly or intentionally delivering, distributing, or dispensing a controlled substance by means of the internet by an online pharmacy that is not validly registered to engage in such internet activity is a crime. 21 U.S.C. § 841(h)(1).

11. At various times, Cosmic Sales has advertised and sold products, including modafinil and other controlled substances, through several websites that Kuiper has owned, including www.nubrain.com ("Nubrain"), www.newnubrain.com (New Nubrain"), and www. healthclown.com ("Healthclown"). Kuiper's businesses were never registered to import, distribute, or handle in the course of being distributed, controlled substances, as required by federal law.

12. On eight occasions detailed below, FDA agents purchased modafinil,[2] a Schedule IV controlled substance and prescription drug not approved by the FDA, and other drugs from

---

[2] Modafinil has been classified as a Schedule IV Controlled Substance since 1999.

Nubrain.com and other websites operated by Kuiper.[3] The purchases never required a prescription.

13. On April 29, 2009, a federal undercover agent created a Nubrain account and purchased two products, modafinil and Olmifon (adrafinil).[4] Nubrain did not require the agent to consult a doctor, complete a medical questionnaire, or obtain a prescription prior to sale.

14. On May 4, 2009, the agent received a package with the return address, Nubrain, P.O. Box 1364, Lawrenceville, GA, 30046. The package contained the two drugs ordered. The modafinil box displayed a warning that it could only be provided with a prescription.

15. On June 25, 2009, October 9, 2009, and May, 2012, the undercover agent placed additional orders from Nubrain. Each time, the agent received a package with the same return address as his first order. Each time, the agent received drugs that were not approved by the FDA for distribution in the United States. Nubrain never asked the agent to provide medical information. In May 2012, the agent received an email stating, in part, that the drug shipment was coming from "overseas."

16. On November 4, 2013, an agent accessed a different website belonging to Kuiper, New.Nubrain.com, and placed an order for modafinil. As with Nubrain, New Nubrain did not require a prescription or medical questionnaire. The agent did not consult a medical practitioner prior to or after placing the order. On November 15, 2013, the agent received a parcel containing pills marked "Modalert 200 Modafinil tablets" and identifying the manufacturer as "Sun Pharma" of India. The package had the same return address as the previous packages. Sun

---

[3] All of the drugs purchased during controlled purchases were sent to an FDA/OCI monitored P.O. Box in New Hampshire.

[4] Adrafinil is a precursor drug to modafinal, which means that adrafinil is metabolized in the body to produce modafinil.

Pharma packages and sells generic modafinil under the name Modalert. Modalert is not approved by the FDA for distribution in the United States.

17. By or about February 17, 2015, Nubrain and New Nubrain were no longer accessible. Unknown to agents conducting the Kuiper investigation, on February 17, 2015, an agent working on a different investigation had sent Web.com a list of domain names registered through Web.com that he believed were unlawfully selling drugs. Among the domain names on the list was nubrain.com. Web.com revoked Nubrain's account on February 17, 2015, for violating Web.com's terms of service.

18. On the same day, Kuiper sent an email to Ecbuzz.com stating, "my website has been suspended[.] [I] am going to create and register a new domain name will you be able to transfer all existing files to the new domain once I have it set up?" According to its website, Ecbuzz.com provides website development services and is located in Pune, India. On February 18, 2015, Kuiper made a request to register the domain name Healthclown.com.

19. On November 11, 2016, agents accessed Healthclown, which was nearly identical in appearance to Nubrain. As with Nubrain and New Nubrain, Healthclown is not registered with the DEA to distribute, or handle in the course of being distributed, controlled substances. The website offered a product for sale called "Smart Combo 200/90" under the category "Smart Drugs/Nootropics." Although the product was not specifically identified as modafinil, the product image on Healthclown was similar to that used for drugs containing modafinil on the Nubrain website. Agents attempted to purchase the product by creating an account on the Healthclown website using an email address previously used on the Nubrain website. After entering the previously used information, agents received an error message stating that there was already an account for the email address, prompting the agents to log in to the existing account. Agents were then able to successfully log on to Healthclown with the email address used during

the prior undercover purchases from the Nubrain websites.

20.   After logging into the account on Healthclown.com, agents completed the purchase of the "Smart Combo 200/90" product.  A few days later, agents received a package which contained 90 tablets of 200 mg Modalert, manufactured by Sun Pharma of India and labeled to contain 200mg of modafinil per tablet.  According to the credit card statement for the credit card used for the purchase, the merchant for the purchase was listed as "Nubrain 770-339-9971."   The series of numbers in the merchant information is a telephone number associated with Kuiper.

21.   On September 12, 2019, agents logged into Healthclown using the same account information.   Agents then ordered 120 200mg Modalert tablets, among other products.  No prescription or medical questionnaire was required, and no consultation with a medical practitioner occurred prior to or after placing the order.  Shortly after placing the order agents received an email inquiring if they were a new customer, and if so, how they found the website.  Agents replied to the email that they had ordered from the website in the past.  Agents then received another email, which read:

"this will go out tomorrow from Atlanta
http://www.healthclown.com
NUBRAIN
SMART DRUGS/NOOTROPICS
serving customers worldwide since 1995"

22.   On or about September 20, 2019, agents received a parcel with a return address of PO BOX 397, Grayson, GA 30017, a post office box used by Cosmic Sales.  The parcel contained five blister packs labeled "Manufactured by INTAS PHARMACEUTICALS LTD. 7/3 GIDC Estate Varva, Ahmedabad 382 445 India."  Each blister pack contained 10 individually wrapped Selegiline HCI tablets IP 5mg, for a total of 50 pills.  Selegiline is a prescription drug used to treat Parkinson's disease.  The parcel also contained 12 blister packs labeled "Modalert 200 Manufactured in India by: sun pharma laboratories ltd."  Each blister pack

contained 10 individually wrapped modafinil tablets 200mg for a total of 90 pills.

23. On or about April 9, 2020, agents logged into Healthclown using the same account information. Agents then ordered 120 200mg Modalert tablets, among other products. No prescription or medical questionnaire was required, and no consultation with a medical practitioner occurred prior to or after placing the order. Agents paid with a postal money order that they sent to Nubrain at P.O. Box 397 in Grayson, Georgia. Kuiper signed and cashed the money order.

24. On or about April 15, 2020, agents received an email from sales@healthclown.com informing them that the order would ship within 2-3 weeks. On that same date agents responded to the email and stated "2-3 weeks for shipping? You've never taken this long in the past." Shortly after sending the email, agents received a response from nubrainorders@yahoo.com stating:

"ALL ORDERS ARRIVE FROM OVERSEAS
the suppliers have shut down for the past month we will keep you updated"

25. On May 1, 2020, the undercover account received an email saying that the order status was "complete" but with a comment, "still waiting for supplier to resume shipping." The agent responded on May 5, 2020, "Can I order more so I can stock up and not have to wait so long next time?" The agent then received a response that same day saying, "let's hold off and see how things develop with the supplier etc." On May 15, 2020, agents received another email saying, "as soon as shipper resumes we will let you know the problem is the flights leaving INDIA beyond control of supplier we are looking at another option." Agents have not yet received any of the drugs ordered on April 15, 2020.

26. Documents obtained during the investigation show that Nubrain drug sales totaled approximately $2.6 million for the period 2006 through 2012. Of the $2.6 million in sales,

almost $1.2 million were for sales of modafinil. Additional records document approximately $1.2 million in sales from 2012 through 2015, including sales from both the New Nubrain and Healthclown websites. Of the $1.2 million in sales, approximately $875,000 were for sales of modafinil. Invoices listed various business addresses, including 333 Summit Ridge Drive.

27. Other international suppliers shipped drugs to Kuiper, and customs officials seized some of the shipments. For example, in 2014, an email provided order and tracking numbers for four shipments sent from Fiji. According to law enforcement records, Customs seized three of the four packages identified. One package was shipped from Fiji with a Customs Declaration Form describing the contents as "Body Care Products." The package, which was found to contain 600 Modafinil tablets, had been sent to Kuiper's residence, 333 Summit Ridge Drive.

28. Kuiper accepts several forms of payment for orders placed online including money orders, wire transfers, and credit card. Kuiper uses First American Payment Systems as his merchant account credit card processor. According to a Merchant Application & Agreement with First American signed by Kuiper on April 20, 2010, Kuiper uses the business name Cosmic Sales and Marketing, Inc., with a mailing and billing address of 333 Summit Ridge Drive. Kuiper uses the merchant name Nubrain for credit card transactions

29. Kuiper had a relationship with a company in the United Kingdom, Quality Health Incorporated ("QHI"), which used the website QHI.CO.UK. This website sold a variety of prescription drugs, including at least one drug that contains modafinil.

30. Nubrain processed credit card orders on behalf of QHI. On a consistent basis, QHI transmitted, via email, a listing of customer names, credit card numbers and order amounts, to Nubrain for processing. In exchange for processing these cards, Nubrain apparently charged QHI 7.5% of each transaction and then transmitted funds to QHI via checks drawn on Nubrain's bank account. It also appears that Kuiper began to process credit card transactions on behalf of

QHI because QHI was engaged in unlawful activities in the UK. For example, an email dated April 6, 2009, sent from a man named Brett Specter stated, "[t]he information I'm going to share with you now is VERY confidential but I want you to understand why I've instructed Tracy not to contact customers by phone unless they are very well known to us. The fact is that Quality Health would not be allowed to operate as a (normal) business in England or anywhere in Europe for that matter. If the authorities suspected that it was actually based (in country), they would shut it down immediately, possibly freeze bank accounts, etc., etc."

31. In December 2016 and again in October 2017, a special agent for Homeland Security Investigations (HSI), acting in an undercover capacity, logged into the QHI website and placed orders for modafinil. On both occasions, drugs containing modafinil were shipped from places outside the U.S. to a location controlled by HSI in New Hampshire. On both occasions, the packages contained Customs Declaration Forms stating the packages contained "Documents" and provided a description of "Documents & Items for Personal Use." Finally, on both occasions, the merchant listed on the credit card statement was "Nubrain 770-339-9971 GA." The merchant information was very similar to that which appeared on credit card statements for purchases the undercover agent made from Kuiper's websites. At the time, QHI had information on its website explaining that "At this time all credit card orders will be charged by NUBRAIN in US dollars. They are based in the USA. This is the name that will appear on your credit card statement."

32. The United Kingdom's Medicines & Healthcare products Regulatory Agency (MHRA) is actively investigating Brett Specter and his company QHI. After MHRA executed a search, Specter shut down his business. Specter was interviewed by authorities and in a statement that he prepared dated January 16, 2019, he wrote, "Merchant banks tend not to wish to provide credit card facilities for non-national companies. Consequently I used third party

processors and for the past approximate seven or eight years, George Kuiper of Nubrain Inc., located in the USA, provided QHI with the provision of credit card facilities. I chose Nubrain Inc. as I knew them to be an experienced, reputable and responsible company capable of securely providing the service to QHI."

33. On October 9, 2014, agents accessed another internet pharmacy, Freedom-pharmacy.com. According to its website, Freedom-pharmacy.com provides on-line access to over 5,000 pharmaceuticals in categories ranging from anxiety to weight loss. The site states that it is associated with Archipelago Suppliers of Port Vila, Vanuatu.[5] Agents placed an order for a prescription drug. After providing billing and shipping information, agents selected to pay for the transaction using a money order. Agents were then instructed to send the money order to Cosmic Sales, PO Box 1199, Grayson, Georgia. In March 2013, the Postal Service assigned this box to Cosmic Sales and the person who applied for it was Kuiper.

34. Agents accessed the website Freedom-pharmacy.bz on January 31, 2020 and found it to be substantially the same as the website they had visited in previous years. According to LegitScript, a company that contracts with FDA to provide internet monitoring services, Archipelago Suppliers, which is still listed as affiliated with the website, is a rogue internet pharmacy network with many affiliated websites that illegally sell prescription drugs.

35. Kuiper maintains several bank accounts at Renasant Bank (formerly Brand Bank) in Georgia, one of which is account number 1102435. The account is in the name of Cosmic Sales & Marketing with a mailing address of PO Box 397, Grayson, GA. Account 1102435 appears to be the main operating account of Cosmic Sales. According to Brand Bank records, Kuiper and his daughter Liana are the account holders and authorized signatories for this account. Emails to

---

[5] The Republic of Vanuatu is made up a group of islands in the southwest Pacific Ocean.

one of Kuiper's drug suppliers, Shah and Company, show that payments for drugs were sent both via Western Union and bank-to-bank transfers from Brand Bank account number 1102435 in the name of Cosmic Sales & Marketing, with an address of 333 Summit Ridge Drive.

36. Between January 2007 and October 2015, deposits totaling approximately $6.974 million were made into account number 1102435. The majority of deposits were for credit card transactions, which totaled approximately $6.6 million. An analysis of withdrawals from this account revealed that checks made payable to QHI totaled approximately $3.6 million, wire transactions to entities affiliated with Freedom Pharmacy totaled approximately $65,000, and wire transfers to entities associated with Shah & Company totaled approximately $50,000.

37. Cosmic Sales receives deliveries at 333 Summit Ridge Drive, defendant in rem (1). In addition to shipments of controlled substances to this address already mentioned, UPS records for the period January 3, 2019 through November 20, 2019 show eight parcels delivered to 333 Summit Ridge Drive during that period. Six of the parcels were addressed to Kuiper and the other two were addressed to Cosmic Sales. The UPS records did not reveal any other recipient receiving parcels at the subject premises.

38. On January 8, 2020, federal agents retrieved two empty boxes from the recycle bin for 333 Summit Ridge Drive. The empty boxes were labeled in part "Modafinil Tablets USP, Modalert 200, CAUTION: Not to be sold by retail without the prescription of a Neurologist/Psychiatrist/Specialist, Dosage: As directed by the Neurologist/Psychiatrist/Specialist, Manufactured in India by sun pharma laboratories ltd. Vill: Kokjhar, Mirza Palashbari Road, P.O. Palashbari, Dist: Kamrup, Assam-781128."

39. Emails also indicate that Kuiper has had drugs shipped directly to 333 Summit Ridge Drive. On August 27, 2019, an email from nubrainorders@yahoo.com listed delivery addresses for various products as 333 Summit Ridge Road. An associated tracking number confirms that

the parcel was processed through Singapore and delivered to that address. Similar emails indicate shipments of drugs were sent to 333 Summit Ridge Drive for other recipients, as recently as January 2020.

40. On August 3, 2012, Kuiper purchased the defendant in rem (2), 1576 Creek Bend Lane for $139,900. On that same date, Cosmic Sales issued a check to Kuiper for $137,900 from Brand Bank Account 1102435. Kuiper deposited the funds into a personal account at Brand Bank and wired $136,806.67 to an attorney in Lawrenceville, Georgia who disbursed the funds for the purchase of 1576 Creek Bend Lane, a property traceable to the proceeds of Title 21 violations.



*Figure 1- 1576 Creek Bend Lane*

41. On April 18, 2014, Cosmic Sales purchased the defendant in rem (3), 2775 Old Shackleford Road, Suite 1001, for $80,000. On that same date, Cosmic Sales wired $77,682.64 from Account 1102435 to an attorney in Lawrenceville, Georgia who disbursed the funds for the purchase of 2775 Old Shackleford Road, Suite 1001, a property traceable to the proceeds of Title 21 violations.



*Figure 2 – 2775 Old Shackleford Road, Suite 1001*

### FIRST CLAIM FOR FORFEITURE
### 21 U.S.C. §  881(a)(6) Proceeds

42.  The allegations  contained in paragraphs 1 through 41 of this Verified Complaint  for

Forfeiture *in Rem* are incorporated by reference.

43.  Title 21, United States Code, Section 881(a)(6) subjects to forfeiture

"[a]ll moneys . . . or other things of value furnished  or intended  to be furnished by any person in

exchange for a controlled  substance or . . . all proceeds traceable to such an exchange and all

moneys . . . used or intended  to be used to facilitate any violation  of this subchapter."

44.  The defendants  *in rem* (2) Land and Buildings  Located at 2775 Old Shackleford

Road, Suite 1001, Lawrenceville, GA, with all Appurtenances and Improvements Thereon,

Owned by Cosmic Sales and Marketing,  and (3) Land and Buildings  Located at 1576 Creek

Bend Lane, Lawrenceville, GA, with all Appurtenances and Improvements Thereon, Owned by

George Kuiper, were furnished or intended  to be furnished  in exchange for a controlled

substance, in violation  of Title II of the Controlled  Substances Act, 21 U.S.C. § 801 et seq., or

represents proceeds traceable to such exchanges, or money used or intended to be used to facilitate violations of the Act.

45. As a result, the defendants *in rem* (2) and (3) are liable to condemnation and forfeiture to the United States for its use, in accordance with 21 U.S.C. § 881(a)(6).

## SECOND CLAIM FOR FORFEITURE
### 21 U.S.C. § 881(a)(7) Facilitating Property

46. The allegations contained in paragraphs 1- 41 of this Verified Complaint for Forfeiture *in rem* are incorporated by reference.

47. Title 21, United States Code, Section 881(a)(7) subjects to forfeiture "[a]ll real property which is used, or intended to be used . . . to commit, or to facilitate the commission of a violation of this subchapter . . .."

48. The defendant *in rem* (1) Land and Buildings Located at 333 Summit Ridge Drive, Lawrenceville, GA, with all Appurtenances and Improvements Thereon, Owned by George Kuiper, is real property which was used or intended to be used, to commit, and to facilitate the commission of, the unlawful storage and distribution of controlled substances, in violation of Title II of the Controlled Substances Act, 21 U.S.C. § 801, et seq.

49. As a result, the defendant *in rem* (1) is liable to condemnation and forfeiture to the United States for its use, in accordance with 21 U.S.C. § 881(a)(7).

## RELIEF REQUESTED
### Real Property

The United States does not request authority from the Court to seize the defendant *in rem* real properties at this time. The United States will, as provided by 18 U.S.C. § 985(b)(1) and (c)(1): post notice of this Complaint on the defendant *in rem* real properties; serve notice of this action on the owner(s) of the defendant *in rem* real properties, along with a copy of this Complaint; and execute a writ of entry for the purpose of conducting an inspection, inventory

and appraisal of the defendant *in rem* real properties.

The United States also desires to undertake an appraisal of the defendant *in rem* real properties, as provided in 19 U.S.C. § 1606. 18 U.S.C. § 985(c)(3) provides that, because the United States will post notice of this Complaint on the defendant *in rem* real properties, it is not necessary for the Court to issue an arrest warrant *in rem*, or to take any other action to establish *in rem* jurisdiction over the defendant *in rem* real properties. 18 U.S.C. § 985(b)(2) clearly states that "the filing of a *lis pendens* and the execution of a writ of entry for the purpose of conducting an inspection and inventory of the property shall not be considered a seizure under this subsection."

Therefore, with respect to the defendant *in rem* real properties, the United States requests that the Court issue, pursuant to 18 U.S.C. §§ 985(b)(2) and 981(j), the proposed Writ of Entry attached to this Complaint authorizing the United States Marshals Service:

(a) To enter, after prior notice to the occupant(s) or occupants' counsel, if any, the defendant *in rem* real properties, including any structures, on one or more occasions during the pendency of this *in rem* forfeiture action for the purpose of conducting inspections, inventories and appraisals of the defendant *in rem* real properties, which inspections, inventories and appraisals may include still and video photography;

(b) To be accompanied on any such occasions by any government or contract personnel selected by the United States Marshals Service for the purpose of conducting inventories of the defendant *in rem* real properties; and,

(c) To be accompanied on any such occasions by any federal, state, and local law enforcement officers selected by it to ensure the safety of any person acting under the Writ of Entry.

The United States further requests that:

(d)  this matter be scheduled for a jury trial;

(e)  judgment of forfeiture be entered; and

(f)  this Court grant the United States its costs and whatever other relief to which it may be entitled.

Respectfully Submitted,

SCOTT W. MURRAY
United States Attorney

Dated: June 24, 2020              By:  /s/ Robert J. Rabuck
                                 Robert J. Rabuck
                                 NH Bar # 2087
                                 Assistant U.S. Attorney
                                 District of New Hampshire
                                 53 Pleasant Street
                                 Concord, New Hampshire
                                 603-225-1552
                                 rob.rabuck@usdoj.gov

# VERIFICATION

I, Jason Rameaka, being duly sworn, depose and say that I am a Special Agent with the United States Food and Drug Administration, Office of Criminal Investigation ("FDA-OCI"), and as such have responsibility for the within action, that I have read the contents of the foregoing Verified Complaint for Forfeiture *in rem* and know the contents therein, and that the same is true to the best of my knowledge, information and belief.

The sources of my information and the grounds of my belief are official records and files of the United States and the State of New Hampshire, and information obtained by me and other law enforcement officers during an investigation of alleged violations of the controlled substances laws of the State of New Hampshire and of the United States.

/s/ Jason Rameaka
Jason Rameaka


STATE OF GEORGIA
COUNTY OF COBB

Subscribed and sworn to before me on June 23, 2020.

/s/ J. Malbrough
Notary Public

My commission expires: September 2, 2020

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

## DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

❏ 1  U.S. Government
        Plaintiff

❏ 3  Federal Question
        *(U.S. Government Not a Party)*

❏ 2  U.S. Government
        Defendant

❏ 4  Diversity
        *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❏ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ❏ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 625 Drug Related Seizure of Property 21 USC 881 | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 365 Personal Injury - | ❏ 690 Other | ❏ 423 Withdrawal | ❏ 400 State Reapportionment |
| ❏ 130 Miller Act | ❏ 315 Airplane Product | Product Liability | | 28 USC 157 | ❏ 410 Antitrust |
| ❏ 140 Negotiable Instrument | Liability | ❏ 367 Health Care/ | | | ❏ 430 Banks and Banking |
| ❏ 150 Recovery of Overpayment | ❏ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ❏ 450 Commerce |
| & Enforcement of Judgment | Slander | Personal Injury | | ❏ 820 Copyrights | ❏ 460 Deportation |
| ❏ 151 Medicare Act | ❏ 330 Federal Employers' | Product Liability | | ❏ 830 Patent | ❏ 470 Racketeer Influenced and |
| ❏ 152 Recovery of Defaulted | Liability | ❏ 368 Asbestos Personal | | ❏ 840 Trademark | Corrupt Organizations |
| Student Loans | ❏ 340 Marine | Injury Product | | | ❏ 480 Consumer Credit |
| (Excludes Veterans) | ❏ 345 Marine Product | Liability | **LABOR** | **SOCIAL SECURITY** | ❏ 490 Cable/Sat TV |
| ❏ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | ❏ 710 Fair Labor Standards | ❏ 861 HIA (1395ff) | ❏ 850 Securities/Commodities/ |
| of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 370 Other Fraud | Act | ❏ 862 Black Lung (923) | Exchange |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle | ❏ 371 Truth in Lending | ❏ 720 Labor/Management | ❏ 863 DIWC/DIWW (405(g)) | ❏ 890 Other Statutory Actions |
| ❏ 190 Other Contract | Product Liability | ❏ 380 Other Personal | Relations | ❏ 864 SSID Title XVI | ❏ 891 Agricultural Acts |
| ❏ 195 Contract Product Liability | ❏ 360 Other Personal | Property Damage | ❏ 740 Railway Labor Act | ❏ 865 RSI (405(g)) | ❏ 893 Environmental Matters |
| ❏ 196 Franchise | Injury | ❏ 385 Property Damage | ❏ 751 Family and Medical | | ❏ 895 Freedom of Information |
| | ❏ 362 Personal Injury - | Product Liability | Leave Act | | Act |
| | Medical Malpractice | | ❏ 790 Other Labor Litigation | | ❏ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 791 Employee Retirement | **FEDERAL TAX SUITS** | ❏ 899 Administrative Procedure |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights | **Habeas Corpus:** | Income Security Act | ❏ 870 Taxes (U.S. Plaintiff | Act/Review or Appeal of |
| ❏ 220 Foreclosure | ❏ 441 Voting | ❏ 463 Alien Detainee | | or Defendant) | Agency Decision |
| ❏ 230 Rent Lease & Ejectment | ❏ 442 Employment | ❏ 510 Motions to Vacate | | ❏ 871 IRS—Third Party | ❏ 950 Constitutionality of |
| ❏ 240 Torts to Land | ❏ 443 Housing/ | Sentence | | 26 USC 7609 | State Statutes |
| ❏ 245 Tort Product Liability | Accommodations | ❏ 530 General | | | |
| ❏ 290 All Other Real Property | ❏ 445 Amer. w/Disabilities - | ❏ 535 Death Penalty | **IMMIGRATION** | | |
| | Employment | **Other:** | ❏ 462 Naturalization Application | | |
| | ❏ 446 Amer. w/Disabilities - | ❏ 540 Mandamus & Other | ❏ 465 Other Immigration | | |
| | Other | ❏ 550 Civil Rights | Actions | | |
| | ❏ 448 Education | ❏ 555 Prison Condition | | | |
| | | ❏ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

❏ 1  Original
        Proceeding

❏ 2  Removed from
        State Court

❏ 3  Remanded from
        Appellate Court

❏ 4  Reinstated or
        Reopened

❏ 5  Transferred from
        Another District
        *(specify)*

❏ 6  Multidistrict
        Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

❏ CHECK IF THIS IS A **CLASS ACTION**
        UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
**JURY DEMAND:**     ❏ Yes    ❏ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____

DOCKET NUMBER _____

DATE

SIGNATURE OF ATTORNEY OF RECORD

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)**  **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)**  **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)**  **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**  **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked.  (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**  **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.**  **Nature of Suit.**  Place an "X" in the appropriate box.  If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit.  If the cause fits more than one nature of suit, select the most definitive.

**V.**  **Origin.**  Place an "X" in one of the six boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.  When this box is checked, do not check (5) above.

**VI.**  **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.**  **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**  **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

Defendants in rem:

(1) Land and Buildings Located at 333 Summit Ridge Drive, Lawrenceville, GA, with all Appurtenances and Improvements Thereon, Owned by George Kuiper,

(2) Land and Buildings Located at 2775 Old Shackleford Road, Suite 1001, Lawrenceville, GA, with all Appurtenances and Improvements Thereon, Owned by Cosmic Sales and Marketing,

(3) Land and Buildings Located at 1576 Creek Bend Lane, Lawrenceville, GA, with all Appurtenances and Improvements Thereon, Owned by George Kuiper.

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 20- |
| | ) |
| Land and Buildings Located at 333 Summit Ridge Drive, | ) |
| Lawrenceville, GA, with all Appurtenances and | ) |
| Improvements Thereon, Owned by George Kuiper, et al | ) |
| | ) |
| Defendants *in rem*. | ) |
| _____ ) | |

## <u>WRIT OF ENTRY</u>

To the United States Marshal Service for the District of New Hampshire:

A Verified Complaint for Forfeiture *in rem* was filed on June 24, 2020, in the

U.S. District Court for the District of New Hampshire, alleging that the defendant *in rem* Land

and Buildings Located at Land and Buildings Located at 333 Summit Ridge Drive,

Lawrenceville, GA, with all Appurtenances and Improvements Thereon, Owned by George

Kuiper was used or intended to be used, to commit, and to facilitate the commission of, the

unlawful storage and distribution of controlled substances, in violation of Title II of the

Controlled Substances Act, 21 U.S.C. § 801, <u>et seq</u>., and is liable to condemnation and forfeiture

to the United States for its use, pursuant to 21U.S.C. § 881(a)(7).

The Court being satisfied that based on the allegations contained in the Verified

Complaint, there is probable cause to believe that the defendant *in rem* real property was used as

is alleged in the Verified Complaint, and that grounds for the application for issuance of a writ of

entry for the defendant *in rem* real property exists, since the United States' title will relate back

to the dates of the offenses if forfeiture is ordered,

YOU ARE, THEREFORE, HEREBY COMMANDED to enter the defendant *in rem* real property above described for the purpose of determining the physical condition and the value of the property at that time, after prior notice to the occupant(s) or occupants' counsel, if any; The U.S. Marshal shall use his discretion and whatever means are appropriate to evaluate the property, including but not limited to the use of pictures, videotape, professional appraisers or surveyors. The use of appraisers, surveyors and other experts is not limited to the first visit of the U.S. Marshal to the property, but may be scheduled as necessary or convenient in the discretion of the U.S. Marshal;

YOU ARE FURTHER COMMANDED TO POST upon the defendant *in rem* real property, in an open and visible manner, notice of the pendency of this action, including this Writ;

AND FURTHER TO SERVE upon the record owner(s) copies of this Writ in a manner consistent with the principles of service of process of an action in rem under the Supplemental Rules For Certain Admiralty and Maritime Claims, Federal Rules of Civil Procedure, within a reasonable time of its execution;

IT IS FURTHER ORDERED that the owner(s) and occupant(s) of the defendant *in rem* real property shall not take any steps to sell or mortgage the property, nor make any changes or improvements whatsoever to the property during the pendency of this action, without the written consent of the U.S. Marshal or the approval of this Court;

IT IS FURTHER ORDERED that the owner(s) and occupant(s) of the property notify the U.S. Attorney's Office, Attention: Robert J. Rabuck, Assistant U.S. Attorney, 53 Pleasant Street, Concord, NH 03301, if the defendant *in rem* real property is to become vacant for more than a two week period so that the U.S. Marshal can take whatever steps it considers necessary

2

(including applying to this Court for permission to seize the property) to safeguard the property;

YOU ARE FURTHER ORDERED that if the defendant *in rem* real property appears to be vacant when you enter it, you may take custody of it and take, in your discretion, whatever steps may be necessary to prevent deterioration of the property. Should you decide that you must take and keep custody, you are required to request authorization for such action from this Court within forty-five days of taking custody. This order is not a requirement that you take any steps whatsoever to protect or preserve the property and you are specifically instructed that such temporary custody as you may receive pursuant to this paragraph does not imply that you will maintain custody of the property until the resolution of this action;

The U.S. Marshal's purpose in executing this Writ is to determine the condition and value of the property. It is not his mission to preserve the property and it is not his responsibility to take any steps whatsoever to correct any conditions he may find on the property. Pursuant to United States v. James Daniel Good Real Property, et al., 114 S.Ct. 492 (1993), the United States will not have custody or control of, or responsibility for, the property until an order of forfeiture has been entered by this Court or a seizure order has been granted;

UPON APPLICATION of the plaintiff, the United States of America, and pursuant to 18 U.S.C. § 985 and the All Writs Act, 28 U.S.C. § 1651(a), the Court shall issue any order necessary to effectuate and prevent the frustration of the execution of this Writ;

The U.S. Marshal, at his discretion, shall be accompanied by federal, state, or local law enforcement officers, as needed, to assist him in the execution of this Writ.

Dated in Concord, in the District of New Hampshire, this ____ day of _____, 2020.


_____
UNITED STATES DISTRICT JUDGE

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| United States of America, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Civil No. 20 |
| | ) |
| Land and Buildings Located at 1576 Creek Bend Lane, | ) |
| Lawrenceville, GA, with all Appurtenances and | ) |
| Improvements Thereon, Owned by George Kuiper, | ) |
| | ) |
| **Defendants *in rem*.** | ) |
| _____ | ) |

## WRIT OF ENTRY

To the United States Marshal Service for the District of New Hampshire:

A Verified Complaint for Forfeiture *in rem* was filed on June 24, 2020, in the

U.S. District Court for the District of New Hampshire, alleging that the defendant *in rem*, Land

and Buildings Located at 1576 Creek Bend Lane, Lawrenceville, GA, with all Appurtenances

and Improvements Thereon, Owned by George Kuiper, is property furnished or intended to be

furnished in exchange for a controlled substance, in violation of Title II of the Controlled

Substances Act, 21 U.S.C. § 801 *et seq.*, or represents proceeds traceable to such exchanges, or

money used or intended to be used to facilitate violations of the Act, and is liable to

condemnation and forfeiture to the United States for its use, in accordance with 21 U.S.C. §

881(a)(6).

The Court being satisfied that based on the allegations contained in the Verified

Complaint, there is probable cause to believe that the defendant *in rem* real property was used as

is alleged in the Verified Complaint, and that grounds for the application for issuance of a writ of

entry for the defendant *in rem* real property exists, since the United States' title will relate back to the dates of the offenses if forfeiture is ordered,

YOU ARE, THEREFORE, HEREBY COMMANDED to enter the defendant *in rem* real property above described for the purpose of determining the physical condition and the value of the property at that time, after prior notice to the occupant(s) or occupants' counsel, if any; The U.S. Marshal shall use his discretion and whatever means are appropriate to evaluate the property, including but not limited to the use of pictures, videotape, professional appraisers or surveyors. The use of appraisers, surveyors and other experts is not limited to the first visit of the U.S. Marshal to the property, but may be scheduled as necessary or convenient in the discretion of the U.S. Marshal;

YOU ARE FURTHER COMMANDED TO POST upon the defendant *in rem* real property, in an open and visible manner, notice of the pendency of this action, including this Writ;

AND FURTHER TO SERVE upon the record owner(s) copies of this Writ in a manner consistent with the principles of service of process of an action in rem under the Supplemental Rules For Certain Admiralty and Maritime Claims, Federal Rules of Civil Procedure, within a reasonable time of its execution;

IT IS FURTHER ORDERED that the owner(s) and occupant(s) of the defendant *in rem* real property shall not take any steps to sell or mortgage the property, nor make any changes or improvements whatsoever to the property during the pendency of this action, without the written consent of the U.S. Marshal or the approval of this Court;

IT IS FURTHER ORDERED that the owner(s) and occupant(s) of the property notify the U.S. Attorney's Office, Attention: Robert J. Rabuck, Assistant U.S. Attorney, 53 Pleasant Street,

Concord, NH 03301, if the defendant *in rem* real property is to become vacant for more than a two week period so that the U.S. Marshal can take whatever steps it considers necessary (including applying to this Court for permission to seize the property) to safeguard the property;

YOU ARE FURTHER ORDERED that if the defendant *in rem* real property appears to be vacant when you enter it, you may take custody of it and take, in your discretion, whatever steps may be necessary to prevent deterioration of the property. Should you decide that you must take and keep custody, you are required to request authorization for such action from this Court within forty-five days of taking custody. This order is not a requirement that you take any steps whatsoever to protect or preserve the property and you are specifically instructed that such temporary custody as you may receive pursuant to this paragraph does not imply that you will maintain custody of the property until the resolution of this action;

The U.S. Marshal's purpose in executing this Writ is to determine the condition and value of the property. It is not his mission to preserve the property and it is not his responsibility to take any steps whatsoever to correct any conditions he may find on the property. Pursuant to United States v. James Daniel Good Real Property, et al., 114 S.Ct. 492 (1993), the United States will not have custody or control of, or responsibility for, the property until an order of forfeiture has been entered by this Court or a seizure order has been granted;

UPON APPLICATION of the plaintiff, the United States of America, and pursuant to 18 U.S.C. § 985 and the All Writs Act, 28 U.S.C. § 1651(a), the Court shall issue any order necessary to effectuate and prevent the frustration of the execution of this Writ;

The U.S. Marshal, at his discretion, shall be accompanied by federal, state, or local law enforcement officers, as needed, to assist him in the execution of this Writ.

Dated in Concord, in the District of New Hampshire, this ____ day of _____, 2020.

_____
UNITED STATES DISTRICT JUDGE

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **Civil No. 20** |
| | ) |
| **Land and Buildings Located at 2775 Old Shackleford Road,** | ) |
| **Suite 1001, Lawrenceville, GA, with all Appurtenances and** | ) |
| **Improvements Thereon, Owned by Cosmic Sales and** | ) |
| **Marketing, et al,** | ) |
| | ) |
| **Defendants *in rem*.** | ) |
| _____ | ) |

## WRIT OF ENTRY

To the United States Marshal Service for the District of New Hampshire:

A Verified Complaint for Forfeiture *in rem* was filed on June 24, 2020, in the

U.S. District Court for the District of New Hampshire, alleging that the defendant *in rem*, Land

and Buildings Located at 2775 Old Shackleford Road, Suite 1001, Lawrenceville, GA, with all

Appurtenances and Improvements Thereon, Owned by Cosmic Sales and Marketing, is property

furnished or intended to be furnished in exchange for a controlled substance, in violation of Title

II of the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, or represents proceeds traceable to

such exchanges, or money used or intended to be used to facilitate violations of the Act, and is

liable to condemnation and forfeiture to the United States for its use, in accordance with 21

U.S.C. § 881(a)(6).

The Court being satisfied that based on the allegations contained in the Verified

Complaint, there is probable cause to believe that the defendant *in rem* real property was used as

is alleged in the Verified Complaint, and that grounds for the application for issuance of a writ of

entry for the defendant *in rem* real property exists, since the United States' title will relate back to the dates of the offenses if forfeiture is ordered,

YOU ARE, THEREFORE, HEREBY COMMANDED to enter the defendant *in rem* real property above described for the purpose of determining the physical condition and the value of the property at that time, after prior notice to the occupant(s) or occupants' counsel, if any; The U.S. Marshal shall use his discretion and whatever means are appropriate to evaluate the property, including but not limited to the use of pictures, videotape, professional appraisers or surveyors. The use of appraisers, surveyors and other experts is not limited to the first visit of the U.S. Marshal to the property, but may be scheduled as necessary or convenient in the discretion of the U.S. Marshal;

YOU ARE FURTHER COMMANDED TO POST upon the defendant *in rem* real property, in an open and visible manner, notice of the pendency of this action, including this Writ;

AND FURTHER TO SERVE upon the record owner(s) copies of this Writ in a manner consistent with the principles of service of process of an action in rem under the Supplemental Rules For Certain Admiralty and Maritime Claims, Federal Rules of Civil Procedure, within a reasonable time of its execution;

IT IS FURTHER ORDERED that the owner(s) and occupant(s) of the defendant *in rem* real property shall not take any steps to sell or mortgage the property, nor make any changes or improvements whatsoever to the property during the pendency of this action, without the written consent of the U.S. Marshal or the approval of this Court;

IT IS FURTHER ORDERED that the owner(s) and occupant(s) of the property notify the U.S. Attorney's Office, Attention: Robert J. Rabuck, Assistant U.S. Attorney, 53 Pleasant Street,

2

Concord, NH 03301, if the defendant *in rem* real property is to become vacant for more than a two week period so that the U.S. Marshal can take whatever steps it considers necessary (including applying to this Court for permission to seize the property) to safeguard the property;

YOU ARE FURTHER ORDERED that if the defendant *in rem* real property appears to be vacant when you enter it, you may take custody of it and take, in your discretion, whatever steps may be necessary to prevent deterioration of the property. Should you decide that you must take and keep custody, you are required to request authorization for such action from this Court within forty-five days of taking custody. This order is not a requirement that you take any steps whatsoever to protect or preserve the property and you are specifically instructed that such temporary custody as you may receive pursuant to this paragraph does not imply that you will maintain custody of the property until the resolution of this action;

The U.S. Marshal's purpose in executing this Writ is to determine the condition and value of the property. It is not his mission to preserve the property and it is not his responsibility to take any steps whatsoever to correct any conditions he may find on the property. Pursuant to United States v. James Daniel Good Real Property, et al., 114 S.Ct. 492 (1993), the United States will not have custody or control of, or responsibility for, the property until an order of forfeiture has been entered by this Court or a seizure order has been granted;

UPON APPLICATION of the plaintiff, the United States of America, and pursuant to 18 U.S.C. § 985 and the All Writs Act, 28 U.S.C. § 1651(a), the Court shall issue any order necessary to effectuate and prevent the frustration of the execution of this Writ;

The U.S. Marshal, at his discretion, shall be accompanied by federal, state, or local law enforcement officers, as needed, to assist him in the execution of this Writ.

Dated in Concord, in the District of New Hampshire, this \_\_\_\_ day of _____, 2020.


_____
UNITED STATES DISTRICT JUDGE